UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X
NICOLE HAYNES, on behalf of herself and all others similarly situated,

                      Plaintiffs,

      - against -

SLOANE STECKER PHYSICAL THERAPY, P.C.,

                      Defendant.
----------------------------------------------------------------------- X

Case No. 23-cv-3360

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Nicole Haynes ("Plaintiff"), on behalf of herself and all other similarly situated employees, brings this lawsuit against Defendant Sloane Stecker Physical Therapy, P.C. ("Defendant") and alleges as follows for this Complaint:

**INTRODUCTION**

1. Plaintiff was employed by Defendant as a "manual worker" as defined by New York Labor Law ("NYLL") § 190(4), having worked for Defendant in New York as a Physical Therapy Aide/Technician.

2. Defendant paid Plaintiff, other employees who join this case by filing consent to join forms ("Opt-In Plaintiffs"), and other manual workers employed in New York on a biweekly basis.

3. As a result, Defendant violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL § 191(1)(a), and the requirement that employees "be paid on the regular pay day" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, (*see* 29 C.F.R. § 778.106).

4. Plaintiff brings the First Cause of Action under the NYLL § 198, respectively, for damages, liquidated damages, and interest, arising from Defendant's violations of the NYLL § 191 and underpayment of wages.

5. Plaintiff brings the Second, Third, and Fourth Causes of Action under the FLSA § 216(b) and NYLL § 198, respectively, for damages, liquidated damages, and interest due to Defendant's failure to pay Plaintiff and the FLSA Collective and Rule 23 Class for all time worked.

6. Plaintiff brings the Fifth Cause of Action for violations of the NYLL's notice and recordkeeping requirements.

7. Because Plaintiff, Opt-In Plaintiffs, and Plaintiff's co-workers are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join in this action, Plaintiff seeks certification of this matter as a collective action and leave to notify the "FLSA Collective" defined as follows:

> All employees working in the State of New York for Defendant as Manual Workers,[1] at any time from May 3, 2020 to the date of judgment in this action.

8. Because the harm suffered by Plaintiff, Opt-In Plaintiffs, and Plaintiff's co-workers was widespread, Plaintiff brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant working as Manual Workers throughout the State of New York during the time period from May 3, 2017 to the date of judgment in this action.

---

[1] The term "Manual Workers" includes Physical Therapy Aides/Technicians, Physical Therapists, and other similarly situated workers who perform physical work and may have different job titles.

**JURISDICTION & VENUE**

9. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*., 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

11. This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to these claims occurred in this judicial district.

**THE PARTIES**

*Plaintiff*

12. Plaintiff is a resident of Brooklyn, New York.

13. Plaintiff worked for Defendant as a Physical Therapy Aid Technician in Defendant's Lincoln Center, New York location from about February 2022 to September 2022.

14. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1).

15. At all times relevant, Plaintiff was an "employee" as defined by NYLL §§ 190(2), 651(5).

16. Defendant classified Plaintiff as non-exempt from the overtime pay requirements of the FLSA and NYLL.

17. Most of Plaintiff's time was spent performing physical labor. That is, Plaintiff's duties included keeping the clinic clean, spraying cleaning solutions and wiping down gym machines, locker rooms, and treatment rooms, vacuuming, taking out garbage, removing

3

equipment and disassembling equipment, pushing patients in wheelchairs and assisting with patients with physical disabilities moving around the location, fixing equipment in the gym when it was not working, and cleaning bathrooms. Plaintiff spent more than 25% of her time on these tasks.

18. At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

19. Plaintiff was entitled to payment of her wages within seven calendar days after the end of the workweek, as per NYLL § 191(1)(a).

20. Throughout her employment, however, Defendant paid Plaintiff every two weeks.

21. For example, during the month of April 2022, Defendant paid Plaintiff on a bi-weekly basis. Defendant paid Plaintiff on April 12, 2022 and next paid Plaintiff on April 26, 2022. Defendant did not pay Plaintiff on a weekly basis and within seven calendar days after the end of the week in which the wages were earned.

22. Plaintiff worked unpaid time off-the-clock for Defendant with Defendant's actual or subjective knowledge. For example, during the workweek beginning July 11, 2022, Plaintiff worked about 4 hours off-the-clock without compensation. Defendant required that Plaintiff download applications on her phone including Slack and Avochato to perform work outside of her physical job location. While off-the-clock and without being paid, Plaintiff communicated with team members about work tasks on Slack and communicated with patients via Avochato. Plaintiff also prepared authorizations for treatment while off-the-clock and without compensation. Plaintiff estimates that she spent 3 to 4 hours per workweek working off-the-clock without compensation.

23. Defendant's time and pay records will show some of Plaintiff's time worked but not the off-the-clock work which frequently occurred during overtime hours in this and other workweeks.

*Sloane Stecker Physical Therapy, P.C.*

24. Upon information and belief, Defendant is a New York professional service corporation with its principal place of business in Yonkers, New York.

25. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

26. At all times hereinafter mentioned, the activities of Defendant constituted an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)-(s).

27. Upon information and belief, Defendant maintains control, oversight, and direction over its operations and employment practices.

28. At all times hereinafter mentioned, Defendant employed employees, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

29. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**UNPAID WAGES ALLEGATIONS**

30. Plaintiff, Opt-In Plaintiffs, the FLSA Collective, and the Class worked unpaid time and unpaid overtime "off-the-clock" for Defendant's benefit and without compensation.

31. Defendant knew that Plaintiff spent this time working off-the-clock and Defendant did not pay Plaintiff for this time worked. Upon information and belief, other Manual Workers similarly worked off the clock for Defendant without being paid.

32. Defendant did not keep accurate records of all time worked by Plaintiff, Opt-In Plaintiffs, the FLSA Collective, and the Class.

33. Defendant did not provide accurate wage statements to Plaintiff, Opt-In Plaintiffs, and the Class that complied with the New York Labor Law.

## THE FLSA COLLECTIVE ACTION

34. Plaintiff seeks to proceed as a collective action with regards to the Second Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the FLSA Collective.

35. Upon information and belief, there are approximately more than 50 current and former similarly situated employees in the FLSA Collective.

36. Plaintiff seeks to represent other employees and are acting on behalf of Defendant's current and former employees' interests as well as her own interests in bringing this action.

37. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings the First, Third, Fourth, and Fifth Causes of Action on Plaintiff's behalf and as a class action, pursuant Rule 23(a) and (b), on behalf of the Class.

39. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

40. Upon information and belief, the size of the Class exceeds 50.

41. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of Class, including but not limited to:

    a. whether Defendant failed to pay timely wages to Plaintiff and the Class in violation of and within the meaning of the N.Y. Lab. Law § 191(1)(a);

    b. whether Defendant acted in good faith when failing to pay Plaintiff and the Class timely;

    c. whether Defendant failed to pay Plaintiff and the Class for all hours worked and all overtime hours worked; and

    d. the nature and extent of class-wide injury and the measure of damages for those injuries.

42. Plaintiff will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class.

43. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

44. Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

45. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

47. Plaintiff's job duties and manner of payment are typical of those of the Class.

48. That is, Plaintiff and the Class were manual workers. They spent over 25% of their working time on physical labor.

49. Plaintiff and the Class were paid every other week.

50. Defendant applied its biweekly payment policy to the Class uniformly.

51. Due to Defendant's common practices, policies, and procedures, Plaintiff and the Class worked unpaid time off-the-clock and are owed compensation and other dates for those hours worked.

52. Plaintiff is informed, believe, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendant's operations in New York.

53. Plaintiff and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

54. Plaintiff and the Class were uniformly deprived of the ability to use – i.e., spend, invest, or save – their earned wages during periods in which payment was illegally delayed.

55. Plaintiff and the Class lost the opportunity to grow such untimely-paid wages through investment or otherwise benefit financially, including by paying down debts earlier.

56. Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

57. Plaintiff and the Class were denied wages amount to at least the minimum wage times their hours worked for the duration of the illegal delay.

58. Plaintiff and the Class were denied their federally and state mandated overtime wages for the duration of the illegal delay.

59. Defendant was able to pay all minimum wages and overtime wages due on a weekly basis.

60. Defendant did not possess a good faith basis for deciding to pay and thereafter continuing to pay their employees' wages biweekly.

61. The State of New York has required certain businesses to pay their manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1 ("Every manufacturing . . . company shall pay weekly, each and every employee engaged in its business, the wages earned by such employee to within six days of the date of such payment . . . ."); N.Y. Session Law 1897, Ch. 415 §§ 2, 10 ("Every corporation . . shall pay weekly to each employe [sic] the wages earned by him to a day not more than six days prior to the date of such payment.").

62. A reasonable employer inquiring into the wage payment rules of New York would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Quests flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dept. 2019).

63. Upon information and belief, Defendant did not qualify for the exemption from the NYLL's weekly payment requirement.

64. Upon information and belief, Defendant did not apply for the exemption.

65. The New York State Department of Labor has not authorized Defendant to pay its employees on a biweekly basis.

66. Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiff and Class Members were paid as per the timely pay requirements of the NYLL; (c) take requisite steps to ensure that Plaintiff and Class Members were paid for all time worked and that they did not work off-the-clock; (d) conduct any study or audit of its compensation practices to ensure that Plaintiff and the Class Members were paid in compliance with the NYLL's timely payment requirements; and (e) provide accurate wage statements which included pay for all time worked and the accurate number of hours worked.

67. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class has been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### FIRST CAUSE OF ACTION
### NYLL – Untimely Payment of Wages
### (On behalf of Plaintiff, Opt-In Plaintiffs, and the Class)

68. Plaintiff incorporates by reference all preceding allegations.

69. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and the Class within seven days after the end of each workweek as required by NYLL § 191(1)(a).

70. Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

71. Defendant does not possess a good faith basis for believing that its delayed payment of wages complied with the law.

72. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiff, Opt-In Plaintiffs, and the Class are owed liquidated damages amounting to the value of any late-paid wages during the six years prior to the filing of this complaint, interest, and reasonable attorneys' fees and costs pursuant to NYLL § 198.

## SECOND CAUSE OF ACTION
### FLSA – Failure to Pay Overtime Wages
**(On behalf of Plaintiff, Opt-In Plaintiffs, and the FLSA Collective)**

73. Plaintiff realleges and incorporates by reference all preceding allegations.

74. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

75. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76. At all relevant times, Plaintiff, Opt-In Plaintiffs, and FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

78. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79. At all relevant times, Plaintiff, Opt-In Plaintiffs, and FLSA Collective are, or were,

employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

80. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and FLSA Collective the overtime wages to which they were entitled under the FLSA.

81. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff, Opt-In Plaintiffs, and FLSA Collective.

82. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff, Opt-In Plaintiffs, and FLSA Collective.

83. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

84. As a result of Defendant's willful violations of the FLSA, Plaintiff, Opt-In Plaintiffs, and FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

85. As a result of the unlawful acts of Defendant, Plaintiff, Opt-In Plaintiffs, and FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**NYLL – Failure to Pay Overtime Wages**
**(On behalf of Plaintiff, Opt-In Plaintiffs, and the Class)**

86. Plaintiff realleges and incorporates by reference all preceding allegations.

87. At all times relevant, Plaintiff, Opt-In Plaintiffs, and the members of the Class have been employees and Defendant has been an employer within the meaning of the NYLL. Plaintiff, Opt-In Plaintiffs, and the members of the Class are covered by the NYLL.

88. Defendant employed Plaintiff, Opt-In Plaintiffs, and the members of the Class as an employer in New York.

89. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and the members of the Class all overtime wages for all overtime hours worked to which they are entitled under the NYLL.

90. Defendant has a policy and/or practice of refusing to pay overtime compensation for all overtime hours worked to Plaintiff, Opt-In Plaintiffs, and the Class.

91. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff, Opt-In Plaintiffs, and the Class members.

92. Defendant lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiff, Opt-In Plaintiffs, and the Class overtime wages complied with the NYLL.

93. Due to Defendant's intentional and willful violations of the NYLL, Plaintiff, Opt-In Plaintiffs, and the members of the Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Pay Non-Overtime Wages**
**(On behalf of Plaintiff, Opt-In Plaintiffs, and the Class)**

94. Plaintiff realleges and incorporates by reference all preceding allegations.

95. At all times relevant, Plaintiff, Opt-In Plaintiffs, and the Class were employees and Defendant was their employer within the meaning of the NYLL.

96. Plaintiff, Opt-In Plaintiffs, and the Class are covered by the NYLL.

97. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff, Opt-In Plaintiffs, and the Class.

98. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and the Class non-overtime wages to which they are entitled under the NYLL Art. 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, specifically N.Y. Lab. Law § 661(3).

99. Defendant has a policy and/or practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff, Opt-In Plaintiffs, and the Class.

100. Defendant's failure to pay non-overtime compensation to Plaintiff and the Putative Class was willful, within the meaning of N.Y. Lab. Law § 663, and intentional.

101. Defendant lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiff, Opt-In Plaintiffs, and the Class non-overtime wages complied with the NYLL.

102. Due to Defendant's violations of the NYLL, Plaintiff and putative Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### NYLL Notice and Recordkeeping Claims
### (On behalf of Plaintiff, Opt-In Plaintiffs, and the Class)

103. Plaintiff realleges and incorporates by reference all preceding allegations.

104. NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

105. NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

106. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to

establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

107. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

108. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

109. Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3), resulting in penalties under NYLL § 198 for Plaintiff, Opt-In Plaintiffs, and the Class and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Opt-In Plaintiffs respectfully request the following relief for them and the FLSA Collective and Class:

A. Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and timely payment of wages;

B. Certification of this case as a Class Action under Rule 23;

C. Appointment of Plaintiff as Class Representative;

D. Appointment of Shavitz Law Group, P.A. as Class Counsel;

E. Liquidated damages;

F. Attorney's fees and costs of the action;

    G.    Pre-judgment interest and post-judgment interest as provided by law;

    H.    A declaratory judgment that the practices complained of are unlawful; and

    I.    Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues triable.

Dated: New York, New York  
       May 3, 2023

Respectfully submitted,

*/s/ Michael J. Palitz*  
Michael J. Palitz  
**SHAVITZ LAW GROUP, P.A.**  
447 Madison Avenue, 6th Floor  
New York, New York 10022  
Telephone: (800) 616-4000  
Facsimile: (561) 447-8831  
mpalitz@shavitzlaw.com

Loren Donnell*  
**SHAVITZ LAW GROUP, P.A.**  
951 Yamato Road, Suite 285  
Boca Raton, Florida 33431  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
ldonnell@shavitzlaw.com

*to apply for admission pro hac vice*

***Attorneys for Plaintiff, Opt-In Plaintiffs, and the Putative Class and Collective Action***