

FRANK J. LAROCCA ‡◊
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG ∆
AMY D. CARLIN ∆
PATRICK McPARTLAND ∆
DAVID N. KITTREDGE
JARED E. BLUMETTI
SANFORD HAUSLER ∆
JOHN L. GARCIA
LAUREN CASPARIE ∆
JESSICA THUAL ∆
PETER KELEGIAN ∆
DREW TANNER ‡
LAUREN WEISSMAN-FALK
NELSON DIAZ
RYAN DUFFY
DANIEL KRAFT ‡
CHRISTOPHER FORD ‡
∆ NEW YORK BAR ONLY
‡ NEW JERSEY BAR ONLY
◊ OF COUNSEL ATTORNEYS
○ CERTIFIED MATRIMONIAL LAW ATTORNEY

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

PROFESSIONAL ARTS CENTER
475 COUNTY RD 520
SUITE 200
MARLBORO, NJ 07746
732.409.1144
732.409.0350 FAX

PRIVATE LENDER GROUP
212.536.3529
732.625.2463 FAX

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

October 27, 2023

**VIA ECF**
Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Nicole Haynes v. Sloane Stecker Physical Therapy, P.C.
      Civil Action No. 23-cv-3360 (EK) (SJB)

Dear Judge Komitee:

We represent defendant Sloane Stecker Physical Therapy, P.C. ("Sloane Stecker PT") in the above-captioned action and are writing jointly with plaintiff's counsel to respectfully request judicial approval of the enclosed settlement agreement and limited release (the "Agreement").

**I.**

**The Relevant Background**

In this putative class and collective action, plaintiff alleged that she was subjected to certain violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including overtime and frequency of pay violations, during her brief employment with Sloane Stecker PT in New York, New York.

On June 30, 2023, Sloane Stecker PT requested a pre-motion conference regarding its anticipated motion to dismiss and strike on the grounds that plaintiff's claims fail as a matter of law. On August 4, 2023, the parties appeared for an initial conference, during which Judge Bulsara considered the arguments raised by the parties in their respective pre-motion letters and stayed discovery pending Judge Komitee's decision on Sloane Stecker PT's anticipated motion.

In the meantime, Sloane Stecker PT agreed to resolve plaintiff's claims on an individual basis for the sole purpose of defraying the costs and expenses that would be associated with its anticipated motion. On October 16, 2023, the parties apprised the Court of a resolution in principle and, during the parties' pre-motion hearing on October 17, 2023, the Court set, among other things, a briefing schedule on Sloane Stecker PT's anticipated motion to the extent that the parties were unable to reduce their resolution in principle to a signed writing.

The parties then promptly prepared and executed the enclosed Agreement memorializing their resolution and are now submitting the Agreement to the Court for its review and approval.

## II.

### The Parties' Proposed Settlement is Fair and Reasonable

As the courts of this district have stated, a settlement "should be approved if the proposed agreement reflects a reasonable compromise over contested issues." *Burton v. City Lumber, Inc.*, 2022 WL 110940, * 2 (E.D.N.Y. January 12, 2022) (*internal quotations and alterations omitted*).

In determining whether a proposed settlement is reasonable, "courts consider the totality of the circumstances, including relevant factors such as: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *See Canales v. Norwich Service Station Inc.*, 2021 WL 5759727, * 1–2 (E.D.N.Y. December 3, 2021), *citing Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). Even if a proposed settlement satisfies these 4 factors articulated by the *Wolinsky* court, courts "must also consider whether the settlement complies with the Second Circuit's admonitions as articulated in *Cheeks*," such as "highly restrictive confidentiality provisions" or "overbroad releases." *See Canales v. Norwich Service Station Inc.*, 2021 WL 5759727, at * 2.

Here, each of the *Wolinsky* factors militate in favor of a finding that the parties' proposed settlement is reasonable. Even if plaintiff's claims survived Sloane Stecker PT's anticipated motion, her range of possible damages would have been minimal (i.e., less than $10,000). Moreover, the settlement allows the parties to avoid the cost and expense of briefing a dispositive motion, where expenses for either side could have easily eclipsed the amount of the settlement. Indeed, to the extent the parties were required to conduct any discovery, the expenses for either side would have greatly exceeded the amount of the settlement. Furthermore, the undersigned attorneys engaged in arm's-length bargaining in reaching their resolution in principle and the specific terms and conditions contained in the enclosed Agreement.

Plaintiff's attorneys' fees and costs are also reasonable. Plaintiff's counsel will receive one-third of the settlement payment as fees ($2,000) and also receive reimbursement of their costs which are the $402 filing fee for the case. As of the filing of this motion, Plaintiff's counsel has spent 25.3 hours on this matter and can submit their time entries to the Court if the Court deems it necessary.

Finally, with respect to *Cheeks*, the enclosed Agreement does not contain any confidentiality or non-disparagement provisions and, in fact, includes only a limited release.

For these reasons, the parties' respectfully request the Court approve the enclosed Agreement.

Respectfully submitted,

*Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti

*Michael Palitz*

Michael Palitz

Enclosure: