## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Limited Release (the "Agreement") is entered into by and between Nicole Haynes ("Haynes") and Sloane Stecker Physical Therapy, P.C. ("Sloane Stecker PT").

**WHEREAS**, Haynes filed a putative class and collective action entitled *Nicole Haynes, on behalf of herself and all others similarly situated, versus Sloane Stecker Physical Therapy, P.C.*, in the United States District Court for the Eastern District of New York, under Civil Action Number 23-cv-3360 (EK) (SJB), alleging certain claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Action");

**WHEREAS**, Sloane Stecker PT has denied any and all liability and wrongdoing with respect to the claims asserted against Sloane Stecker PT in the Action;

**WHEREAS**, subject to the terms of this Agreement, Haynes and Sloane Stecker PT have agreed to settle all claims asserted against Sloane Stecker PT in the Action and resolve any and all matters and potential disputes between them in a manner that will obviate the need for further litigation and that will preclude Haynes from pursuing any claim, cause, proceeding or action of any kind against Sloane Stecker PT;

**NOW, THEREFORE**, in consideration of the mutual covenants and provisions contained in this Agreement and for this good and valuable consideration, the receipt and sufficiency of which are acknowledged, it is agreed by and between Haynes and Sloane Stecker PT, as follows:

1. **Recitals**: The Recitals set forth above are incorporated by reference and are made an integral part of this Agreement.

2. **Consideration**: Haynes acknowledges and understands that in full, complete, and final settlement of all claims referred to in this Agreement, in lieu of any other payments or

benefits, and in consideration for executing this Agreement, Sloane Stecker PT shall make the following payments within thirty (30) days of the later of (i) Haynes' execution of this Agreement, and (ii) Sloane Stecker PT's counsel's receipt of the stipulation of discontinuance with prejudice referenced in paragraph 6 of this Agreement, which is attached to this Agreement as *Exhibit A*:

(a)  The sum of one thousand ~~seven~~ eight hundred ~~ninety-nine~~ sixty-six dollars (~~$1,799.00~~) ($1,866.00) [MP JB], less all payroll deductions and tax withholdings as required by law, in a check made payable to "Nicole Haynes," for which a Form W-2 will issue in accordance with Sloane Stecker PT's ordinary and customary tax-reporting practices and in due course;

(b)  The sum of one thousand ~~seven~~ eight hundred ~~ninety-nine~~ sixty-six dollars (~~$1,799.00~~) ($1,866.00) [MP JB], representing alleged liquidated damages, in a check made payable to "Nicole Haynes," for which a Form 1099 will issue in accordance with Sloane Stecker PT's ordinary and customary tax-reporting practices and in due course, and

(c)  The sum of two thousand ~~four hundred two~~ two hundred sixty-eight dollars (~~$2,402.00~~) ($2,268.00) [MP JB], in a check made payable to "Shavitz Law Group, P.A." for the firm's attorneys' fees and costs and for which a Form-1099 will issue in accordance with Sloan Stecker PT's ordinary and customary tax-reporting practices and in due course.

The aforementioned checks shall be sent to Shavitz Law Group, P.A., 951 Yamato Road, Suite 285, Boca Raton, Florida 33431.

3.  **Tax Advice and Indemnification**: Haynes understands and agrees that (i) Sloane Stecker PT is not providing her with any tax, accounting, or legal advice nor is Sloane Stecker PT making any representations regarding tax obligations or consequences related to or arising from this Agreement; (ii) she will be solely responsible for any federal, state or local tax obligations owed by her that may arise from this Agreement; (iii) this settlement may result in taxable income

to her under applicable federal, state or local tax laws; (iv) she has been advised that Sloane Stecker PT will comply with its obligation to make reports of such taxable income to the appropriate federal, state or local taxing authorities consistent with this Agreement; and, (v) she will be solely responsible for, and will indemnify Sloane Stecker PT and hold it harmless from, any taxes, penalties or interest assessed by any governmental agency against Sloane Stecker PT as a result of the settlement payment allocation set forth in paragraph 2 of this Agreement or Haynes' non-payment of taxes on any amounts paid to her under the terms of this Agreement.

4. **Limited Release**:  Haynes, on behalf of herself, her heirs, successors, representatives, assigns, attorneys, agents, executors, and administrators knowingly and voluntarily agrees to release all known and unknown claims, promises, causes of action, or similar rights of any type that she presently has or may have, known or unknown, with respect to Sloane Stecker Physical Therapy, P.C., its past, present, and future owners, affiliates, related business entities, parents, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, board members, employees, volunteers, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and each and every one of them and their heirs, executors, administrators, successors and assigns, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees"), arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law §§ 1 *et seq.*, or any other applicable federal, state, or local laws relating to the payment of wages, existing up until the date on which Haynes execute this Agreement.

5. **Attorneys' Fees, Costs, and Expenses**: Haynes and Sloane Stecker PT agree that the consideration set forth in paragraph 2 of this Agreement includes and encompasses any and all claims with respect to attorneys' fees, costs, and expenses for or by any and all attorneys who have

represented Haynes and Sloane Stecker PT in connection with the released claims.

    6.    **Pending Claim(s)**: Contemporaneous with Haynes' and Sloane Stecker PT's execution of this Agreement, Haynes shall provide to Sloane Stecker PT's counsel an executed stipulation of discontinuance with prejudice discontinuing all the claims asserted in the Action, at which time Sloane Stecker PT's counsel may file the fully-executed stipulation of discontinuance with the Court. A stipulation of discontinuance with prejudice for Haynes to execute is attached as *Exhibit A*.

    7.    **No Admission of Liability**: Haynes and Sloane Stecker PT understand and agree that this Agreement is a release of disputed claims and does not constitute an admission of liability or violation of any applicable federal, state, or local law or any rule or regulation pertaining to Sloane Stecker PT, any of the Releasees, or Haynes.

    8.    **Notices**: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

> To Haynes:
>
> Michael Palitz, Esq.
> Shavitz Law Group, P.A.
> 447 Madison Avenue, 6th Floor
> New York, New York 10022
> T: (800) 616-4000
> E: mpalitz@shavitzlaw.com
>
> To Sloane Stecker PT:
>
> Patrick McPartland, Esq.
> LaRocca Hornik Rosen & Greenberg LLP
> 40 Wall Street, 32nd Floor
> New York, New York 10005
> T: (212) 530-4837
> E: pmcpartland@lhrgb.com

4

9. **Applicable Law; Jurisdiction; Construction**: This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced, and governed under New York law. Haynes and Sloane Stecker PT agree to the exclusive jurisdiction of the state and federal courts located in New York, New York in a judicial action to enforce this Agreement. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against Haynes or Sloane Stecker PT.

10. **Severability**: Should any paragraph or provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining paragraphs or provisions shall not be affected thereby and said illegal, unenforceable, or invalid paragraph or provision shall be deemed not to be part of this Agreement. In addition, Haynes and Sloane Stecker PT understand and agree that the Limited Release set forth in paragraph 4 of this Agreement shall forever remain in full force and effect regardless of any claimed breach.

11. **Counterparts Acceptable**: This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. A facsimile copy, e-mail, or Adobe PDF, of any requisite signature shall be deemed as legally binding as the original signatures.

12. **Entire Agreement**: Haynes and Sloane Stecker PT acknowledge that this Agreement constitutes a full, final, and complete settlement of their differences and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between or among them relating to the subject matter of this Agreement, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between or among

them relating to the subject matter of this Agreement other than as set forth in this Agreement, and that this Agreement contains the sole and entire Agreement between them with respect to its subject matter.

13. **Understanding; No Oral Modification**: This Agreement shall not be amended, modified, or amplified without specific written provision to that effect signed by Haynes and Sloane Stecker PT. No oral statement of any person shall, in any manner or degree, modify or otherwise affect the terms of this Agreement.

14. **Representation**: The undersigned parties expressly state that they have fully consulted with their respective legal counsel, prior to executing this Agreement, and are executing this Agreement, on their own free will, after full consultation with their respective legal counsel.

THEREFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

_____
Nicole Haynes

Sloane Stecker Physical Therapy, P.C.

_____
By:

6